## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH HELFRICH | CIVIL ACTION NO. |
| Versus | SECTION |
| | JUDGE |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE |

### COMPLAINT FOR DAMAGES

**Plaintiff**, **Joseph Helfrich** (hereinafter referred to as **"Plaintiff")**, through undersigned counsel, respectfully submits this Complaint against **Defendant**, **State Farm Fire and Casualty Company**, and makes the following allegations of law and fact:

### PARTIES

1.

**Plaintiff,** is a person of the full age of majority and residents of the State of Louisiana.

2.

**Defendant**, **State Farm Fire and Casualty Company**, is a foreign insurance company authorized to do and doing business in the Parish of Ascension, State of Louisiana. Hereinafter, referred to as the **Defendant Insurance Company**. **Defendant Insurance Company** may be served through the Louisiana Secretary of State.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because **Plaintiff** and

**Defendant Insurance Company** are citizens of different states and the amount in controversy

exceeds $75,000.00.

4.

This court has personal jurisdiction over the **Defendant Insurance Company** because it

is licensed to do business in this state.

5.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and

circumstances giving rise to the claim(s) stated herein occurred within this district and within the

jurisdiction of this Court.

## FACTS

6.

**Defendant Insurance Company** insured **Plaintiff's** property located at Ascension,

hereinafter referred to as **The Property**.

7.

The insurance contract between **Defendant Insurance Company** and **Plaintiff** is

contained in Policy Number: **18E708211**, hereinafter referred to as **The Policy**.

8.

**Plaintiff** timely paid all premiums required for **The Policy** to be in full force and effect on

the day of the loss in question.

9.

**The Policy** was in full force and effect on August 29, 2021.

10.

**The Policy** required **Defendant Insurance Company** to pay **Plaintiff** the replacement cost of all wind damage caused to **The Property** by Hurricane Ida.

11.

Hurricane Ida and its aftermath caused damage to **The Property**.

12.

Unfortunately, the bad faith handling of their claim has caused **Plaintiff** to file this lawsuit to force **Defendant Insurance Company** to abide by **The Policy** and Louisiana law.

13.

In August 2021, Hurricane Ida entered the Gulf of Mexico and began to intensify. By landfall on August 29, 2021, Hurricane Ida was designated a Category 4 hurricane after completing a process known as "rapid intensification."

14.

Hurricane Ida was a deadly and destructive Category 4 Atlantic hurricane that became the second-most damaging and intense hurricane to make landfall in the U.S. state of Louisiana on record.

15.

Hurricane Ida made landfall with sustained winds of 150 mph, gust up to 172 mph, and a minimum central pressure of 929 millibars.

16.

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center, describe the expected damage from a Category 4 Hurricane.

17.

**Defendant Insurance Company** knew well before landfall exactly what type of damage to expect from a storm of this severity:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

18.

Unfortunately, Hurricane Ida experienced little to no weakening prior to landfall making it the strongest hurricane to affect Southeast Louisiana in recorded history.

19.

Wind damage in the storm's path was catastrophic:



20.

The available data confirmed Hurricane Ida was a catastrophic storm.

21.

**Defendant Insurance Company** was aware before the storm made landfall that the aftermath of a storm like Hurricane Ida is often devastating.

22.

Hurricane Ida caused significant damage to **The Property**, including its structure and contents.

23.

**Defendant Insurance Company** was timely notified of the loss.

24.

**Defendant Insurance Company's** adjuster inspected **The Property** and estimated the cost to repair the damage as $43,559.88.

25.

**Plaintiffs** submitted proofs of loss totaling $142,040.36.

26.

To date, **Defendant Insurance Company** has only paid $15,513.46.

27.

This inspection constituted satisfactory proof of loss sufficient to provide **Defendant Insurance Company** with actual knowledge of the scope and extent of the damage to **The Property**.

28.

**Plaintiff** retained independent professionals to determine the scope and cost of damages caused by Hurricane Ida.

29.

**The Property** suffered damage due to high winds. Much of the damage is/was visible from a simple visual inspection.

30.

Additionally, the professional contractors, adjusters, and/or engineers retained by **Plaintiff** determined that following general and specific areas of **The Property** require repair and/or replacement due to wind damage (this is not represented as an exhaustive and all-inclusive list):

     a. Roof;

     b. Walls;

     c. Ceiling;

     d. Floors;

     e. Kitchen;

     f. Bedrooms;

     g. Bathrooms;

     h. Hallways;

     i. Closets;

     j. Laundry room; and

     k. Garage.

31.

Additionally, under Coverage C – Loss of Use, the insurance contract required **Defendant Insurance Company** to pay **Plaintiff** for Additional Living Expenses (ALE) incurred during the period of evacuation and restoration that they would not have incurred in the absence of a covered loss.

32.

**Defendant Insurance Company** arbitrarily and capriciously denied and/or underpaid **Plaintiff's** claim.

33.

**Defendant Insurance Company** has violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973 in the following ways:

a. Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss.

b. Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss.

c. Failed to make payment within 30 days of receiving satisfactory proof of loss.

d. Failed to make payment within 60 days of receiving satisfactory proof of loss.

e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

34.

As a result of **Defendant Insurance Company's** breach and violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973 **Defendant Insurance Company** is liable to **Plaintiff** for:

a. All past, present, and future special (economic) damages suffered by **Plaintiff** as a result of **Defendant Insurance Company's** breach.

b. All past, present, and future general (non-economic) damages suffered by **Plaintiff** as a result of **Defendant Insurance Company's** breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, disruption of life, and inconvenience.

    c.   A penalty of up to two-times the special and general damages suffered by **Plaintiff** as a result of the breach.

    d.   A penalty of 50% of the amount found to be due at the time of the breach.

    e.   Attorney fees.

    f.   Costs.

35.

**Defendant Insurance Company** is liable to **Plaintiff** for:

    a.   All cost of repairs and/or replacement of damages to **The Property** due to wind.

    b.   Additional Living Expenses.

    c.   Court costs.

    d.   Legal interest.

    e.   Penalties.

    f.   Attorney fees.

    g.   Additional cost incurred as the result of **Defendant Insurance Company's** bad faith conduct.

36.

**Plaintiff** requests Trial by Jury

**WHEREFORE**, the premises considered, **Plaintiff** prays that:

I.      Defendant **State Farm Fire and Casualty Company** be served with a copy of this Complaint and be duly cited to appear and answer same;

II.  After due proceedings had, there be judgment herein in favor of Plaintiff **Joseph Helfrich** and against the Defendant **State Farm Fire and Casualty Company** for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from

the date of judicial demand, until paid, and all costs of these proceedings; together with penalties

and attorneys' fees as provided by law; and

    III.    **Plaintiff** be granted all further and different relief as the facts, law, and equity of

this case require.

RESPECTFULLY SUBMITTED BY
BROUSSARD + WILLIAMSON
*Attorneys for Plaintiffs*

AARON BROUSSARD (#30134)
C. BARRETT RICE (#30034)
JENNIFER DAVID (#37092)
321 Veterans Memorial Boulevard, Suite 205
Metairie, Louisiana 70005
(504) 264-5559  New Orleans Main
(337) 439-2450 Lake Charles Main
(337) 439-3450 Facsimile
Aaron@bwtriallawyers.com
Barrett@bwtriallawyers.com
Jen@bwtriallawyers.com

**SERVICE INSTRUCTIONS:**

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**
*Through its registered agent,*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809